UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF WARREN, MICHIGAN,
ROBERT SLAVKO and RICHARD FOX

                                              Case No. 10-10234
    Plaintiffs,                              Hon. Lawrence P. Zatkoff
v.

INTERNATIONAL INSURANCE COMPANY
OF HANOVER, LTD., and WESTCHESTER
SURPLUS LINES INSURANCE COMPANY,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 13, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Review Action of the Clerk and Tax Costs [dkt 104]. Plaintiffs responded to the motion. Defendant failed to file a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L. R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Review Action of the Clerk and Tax Costs is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

The current dispute arises out of an underlying suit that alleged an improper denial of insurance coverage. Plaintiffs City of Warren, Robert Slavko and Richard Fox alleged Defendants International Insurance Company of Hannover, Ltd ("IICH") and Westchester Surplus Lines Insurance Company ("Westchester") erroneously denied coverage under a policy held by Plaintiffs. On May 10, 2012, all claims against Westchester were dismissed. On August 24, 2012, the Court granted IICH's Motion for Summary Judgment [dkt 98]. On September 18, 2012, Plaintiffs filed a Notice of Appeal. On April 30, 2013, the United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment.

On September 19, 2012, IICH filed a Bill of Costs with the Court Clerk, requesting that the Clerk tax $75,727.44 in costs [dkt 102]. On September 26, 2012, the Clerk denied the entirety of IICH's request for costs, finding that the "[t]otal costs requested are not taxable as it is unclear from the bill of costs as to what the receipts/invoices pertain to." On October 3, 2012, IICH filed the instant motion, seeking review of the Clerk's action and entry of an order taxing costs at $75,727.44.

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a prevailing party may be entitled to receive costs from the opposing party. Fed. R. Civ. P. 54(d)(1). Costs available to the prevailing party are governed by 28 U.S.C. § 1920 ("§ 1920"), which states that a Court may tax as costs:

1. Fees of the clerk and the marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Section 1920 provides an exclusive list of all costs that may be taxed by a district court. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) ("The costs that courts may tax under Rule 54(d)(1) are confined to the costs itemized in 28 U.S.C. § 1920."); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever.").

When reviewing a Clerk's finding on a requested Bill of Costs, the district court must exercise its own discretion. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232 (1964). Any and all costs sought by the prevailing party that are contained within § 1920 may be awarded pursuant to the court's discretion. *Hill v. BASF Wyandotte Corp.*, 547 F. Supp. 348, 351 (E.D. Mich. 1982) (citing *Farmer*, 379 U.S. at 232–33). The discretion of the district court is thus limited to the "power to decline to tax, as costs, the items enumerated in § 1920." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012)(citing *Crawford*, 482 U.S. at 442).

Finally, "[i]n seeking costs under 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

## IV. ANALYSIS

IICH contends that, as the prevailing party in the underlying suit, they are entitled to costs totaling $75,727.44. Plaintiffs, however, present several arguments as to why IICH is not entitled to costs. Specifically, Plaintiffs argue that IICH seeks costs outside the limits of § 1920 and that IICH failed to establish the necessity and reasonableness of the statutorily-authorized costs it requested. As discussed below, the Court finds that IICH is entitled to $160.00, the attendance fees of the four expert witnesses included in IICH's Bill of Costs. The Court further finds that all other requests for costs and or fees are denied.

*1. IICH is not entitled to costs outside the limits of § 1920.*

The Court may provide IICH with only those costs explicitly delineated in § 1920. In this instance, however, IICH seeks taxation of numerous costs clearly outside those enumerated by § 1920. Totaling $9,015.09, these costs include delivery fees for documents not submitted to the Court, electronic legal research fees,[1] travel expenses for unidentified persons, and Freedom of Information Act ("FOIA") requests. As these fall outside the explicit language of § 1920, the Court finds that they are not taxable and cannot be recovered.

Additionally, IICH seeks costs of $46,394.42 from Plaintiffs in expert witness fees. While fees for "witnesses" are explicitly included within § 1920(3), "expert witness fees are not recoverable as costs absent explicit statutory authority." *L & W Supply Corp. v. Acuity*, 475 F.3d 737, 740 (6th Cir. 2007). Instead, federal law provides that "a witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b). IICH

---

[1] The Court notes that, had IICH reviewed the Bill of Costs Handbook as directed by the Clerk in the original denial of their Bill of Costs requests, they would have realized that these costs were outside the scope of taxation.

nonetheless seeks taxation of costs from the Court for "expert fees" billed by four different witnesses:[2]

1. $42,334.42 to Keefe Brooks;

2. $1,935.00 to William Cormack;

3. $1,750.00 to Gary Leeman; and

4. $375.00 to Jay Schwartz.

Although 28 U.S.C. § 1821 also provides that witnesses may be compensated for various travel expenses, IICH does not seek these costs for any of their expert — or other — witnesses. Therefore, as expert fees are not explicitly included within § 1920, the Court finds that IICH is entitled to $160.00, or $40.00 for the attendance of each of IICH's expert witnesses as prescribed by 28 U.S.C. § 1821(b).

> 2. *IICH failed to establish the necessity and reasonableness of the statutorily-authorized costs it requested.*

IICH also seeks taxation of costs totaling $20,317.93 for various recording and copying costs attained throughout the case. Although § 1920 explicitly provides the Court with the discretion to tax these costs, IICH bears the burden of proving that these fees were reasonable and necessary. The Court finds that IICH failed carried its burden.

"While [a] conclusory statement . . . may be sufficient in support of an unopposed motion to tax costs, such evidence clearly falls short of meeting [the] burden of proof after the necessity and reasonableness of the costs have been challenged." *Berryman*, 161 F.R.D. at 344, n. 2. In *Berryman*, the court also recognized that, "by failing to respond to [the opposing party's] objections, [the moving party] has given the Court no basis to analyze the reasonableness of the request of the necessity of the costs for which taxation is sought." *Id*.

---

[2] Again, had IICH reviewed the Bill of Costs Handbook as directed by the Clerk, they would have seen that such fees are not taxable.

In the present motion, IICH makes only a passing reference to the reasonableness and necessity of its costs sought: "All charges were reasonably and necessarily incurred in the defense of [this matter]." Dkt. # 104, p. 4. Plaintiffs challenge this statement as a "conclusory verification" that does not provide adequate evidence to support IICH's requested costs. Dkt. # 105, p. 7. Although IICH had adequate time in which to address Plaintiffs' objections, it has failed to further address the necessity or reasonability of these costs. Therefore, the Court finds that IICH has failed to meet its burden of proving the reasonableness and necessity of its included costs, and is thus not entitled to taxation of these costs.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Defendant's Motion to Review Action of the Clerk and Tax Costs is GRANTED IN PART and DENIED IN PART;

To the extent that Defendant's Motion is granted, Defendant is awarded costs of $160.00 for witness attendance fees;

To the extent that Defendant's Motion is denied, the Court fails to tax any other costs.

IT IS SO ORDERED.

>s/Lawrence P. Zatkoff
>HON. LAWRENCE P. ZATKOFF
>UNITED STATES DISTRICT JUDGE

Dated: September 13, 2013